Green, J.
delivered the opinion of the court.
We are of opinion the court was right in refusing the charge asked for by the defendant; and also in the charge that was given.
In the case of M’Intosh’s lessee vs. Cleaveland, (7 Yerg. Rep. 38,) this court held, that when a reservee *463 was driven off, by force from his reservation-, no intention afterwards formed to abandon it, could work a forfeiture.
The eighth article of the treaty of 1817, fixes upon one fact alone, by which the title may be forfeited; and that is, the removal of the reservee from the land, and this removal, to work a forfeiture, must be voluntary. If the party remain on the land, or if his removal therefrom has been involuntary, no purpose of mind which he may form, while thus circumstanced, will work a forfeiture.
2. We think that the declarations of Jones, which were objected to by the defendant, and admitted by the court, wire properly admitted in evidence. The ques-, tion for the jury to decide was, whether Jones by abandonment of his reservation, had forfeited his right to it. In order that his removal should have that effect, it must have been voluntary. Now these declarations explain the nature of his removal, and show with what intent he left the land, and so come precisely within the principle laid down in 1 Stark. on Evidence, 48, where it is said, that “when the nature of a particular act is questioned, a contemporary declaration by the party, who does the act, is evidence to explain it.” See also Tompkins vs. Saltmarsh, 14 Serg. and Rawle, 275, and Kirby vs. The State, 7 Yerg. Rep.
These being the only points seriously insisted on, and being of opinion that in neither of these is there error, we affirm the judgment.
Judgment affirmed.